IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:23-cr-152 |
| v. : | |
| : | JUDGE SARAH D. MORRISON |
| **FAISAL MOHAMED DAROD,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter comes before the Court for consideration of Defendant Faisal M. Darod's unopposed Amended Motion to Continue Trial and Amend Scheduling Order. (Mot., ECF No. 38.) Mr. Darod's co-defendant, Aden Abdullahi Jama, joins Mr. Darod's Motion. (ECF No. 39.)

The jury trial is scheduled for October 10, 2023. (ECF No. 34.) In support of the Motion, defense counsel states the ends of justice served by granting a continuance outweigh the best interest of the public and the Defendant in a speedy trial. (Mot.) Defense counsel represents that "[a]ll counsel agree that having additional time to review discovery with their clients will allow them to make better-informed decisions regarding their respective cases." (*Id.*) Mr. Darod and Mr. Jama waive their respective speedy trial rights. (*Id.*) The Court finds the Motion well taken.

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days'

after the arraignment, 18 U.S.C. § 3161(c)(l) but lists a number of exclusions from the 70-day period. . ..." *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court will set a trial date outside the Speedy Trial Act's 70-day rule, because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A).

The Court sets forth the following findings:

1. The Court is available to try this case on October 10, 2023, beginning at 9:00 a.m.
2. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparations, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).
3. The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given the enumerated findings, the Court **GRANTS** the Unopposed Motion to Continue Trial. The Court establishes the following trial schedule:

- All Pretrial Motions, including motions *in limine*, shall be filed on or before **December 29, 2023**. Motions may not exceed ten pages.

- Joint Jury Instructions, with objections, the grounds therefore and alternative language clearly marked, shall be filed on or before **January 8, 2024**. A copy shall also be e-mailed to michalea_delaveris@ohsd.uscourts.gov in Word format with all counsel copied on the email.
- Responses to all Pretrial Motions shall be filed on or before **January 8, 2024**. Responses are limited to ten pages.
- No reply memoranda are permitted without leave of court.
- Final Pretrial Conference is rescheduled for **January 19, 2024, at 10:00 a.m. in Conference Room 168.**
- Jury Trial is rescheduled for **January 30, 2024, at 9:00 a.m. in Courtroom 132**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**