## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

           **Plaintiff,**        **:**

    **v.**

**FAISAL MOHAMED DAROD,** *et al.*,        **:**

           **Defendants.**

**Case No. 2:23-cr-0152(1)**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

### OPINION AND ORDER

This matter is before the Court on Faisal Mohamed Darod's Motion to Withdraw Guilty Plea. (ECF Nos. 66, 83.) Mr. Darod first sent a letter requesting to withdraw his guilty plea. (ECF No. 66.) Later, with the assistance of new counsel, Mr. Darod filed a supplement to his letter motion. (ECF No. 83.) The Government responded in opposition. (ECF No. 85.)

For the reasons below, Mr. Darod's Motion is **DENIED**. (ECF Nos. 66, 83.)

## I.    BACKGROUND

On July 20, 2023, a federal grand jury indicted Mr. Darod on one count of Bank Robbery and one count of Use of a Firearm During or in Relation to a Crime of Violence. (ECF No. 17.) Mr. Darod pleaded not guilty to the charges in the indictment. (ECF No. 32.) The grand jury later issued a superseding indictment charging Mr. Darod with eight additional crimes. (ECF No. 42.) Mr. Darod again pleaded not guilty. (ECF No. 50.)

Just five days after pleading not-guilty to the superseding indictment, Mr. Darod signed a plea agreement acknowledging his guilt on Counts 1–5 and 7–10. (ECF No. 51.) The Court held a change of plea hearing on October 23, 2023. (ECF No. 52.) During the hearing, the Court engaged Mr. Darod in a colloquy to ensure that his guilty plea was made knowingly and voluntarily. (Plea Transcript at 3:3–12.)[1] Mr. Darod acknowledged his guilt, stated that he was satisfied with his counsel, and represented to the Court that he had not been coerced into entering the plea. (Plea Transcript at 2:23–3:2; 5:4–6; 10:21–11:2.) The Court accepted Mr. Darod's guilty plea and ordered the Probation Officer to prepare a Presentence Investigation Report ("PSR"). (Plea Transcript at 18:6–19:7.)

The Initial PSR was filed on December 6, 2023. (ECF No. 57.) Two weeks later, Mr. Darod's counsel filed a motion to withdraw because Mr. Darod "desire[d] to pursue an alternative avenue in th[e] case with a different attorney." (ECF No. 59.) The Court granted the motion during a January 16, 2024 hearing. (ECF No. 64.) The next day, the Court received Mr. Darod's letter seeking to withdraw his guilty plea. (ECF No. 66.)

## II. STANDARD OF REVIEW

A defendant may withdraw his guilty plea after it is accepted by the district court only if he can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, a defendant "does not have an absolute right

---

[1] All citations to "Plea Transcript" are to the 'rough' transcript prepared for the Court's use in rendering this Opinion and Order.

2

to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)). When a defendant has "entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (internal quotations and citation omitted). Courts within the Sixth Circuit look at several factors to determine whether a defendant has established a "fair and just reason" to withdraw his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bazzi*, 94 F.3d at 1027. The *Bazzi* factors are non-exhaustive, and "no one factor is controlling." *Id*. Nevertheless, the Government is "not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987).

## III.  ANALYSIS

When evaluated under the *Bazzi* factors, Mr. Darod fails to proffer a fair and just reason for allowing him to withdraw his guilty plea.

3

### A.    Time Between the Plea and Motion to Withdraw

The Court first considers the amount of time between Mr. Darod's guilty plea and motion to withdraw. "The shorter the delay, the more likely a motion to withdraw will be granted." *Ellis*, 470 F.3d at 286. The Sixth Circuit has found a 30-day delay to be "at the boundary line[.]" *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009). The 88-day delay between Mr. Darod's change of plea hearing and first motion substantially exceeds that threshold. Thus, the first factor weighs in favor of denying the Motion.

### B.    Reason for Substantial Delay

The Court next considers whether Mr. Darod's substantial delay in filing the Motion is justified. "[A] defendant's reasons for filing [a motion to withdraw] will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citation omitted). Mr. Darod offers three explanations for his substantial delay. None are persuasive. First, Mr. Darod argues that his lawyer refused to withdraw his guilty plea. But there is no evidence that any such refusal was made in the days immediately following the change of plea hearing. *See United States v. Hunt*, No. 22-5225, 2023 U.S. App. LEXIS 8550, *5 (6th Cir. Apr. 10, 2023); *United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2023). Mr. Darod next argues that being detained made it difficult to find a new attorney to file the motion for him sooner. But Mr. Darod's struggle to find a new attorney while detained does not overcome the substantial delay either. *See United States v. Fofana*, 50 F. App'x 725, 728 (6th Cir. 2002); *United States v. Poole*, 2 F. App'x 433, 437 (6th Cir. 2001). What's more, Mr. Darod's

4

letter came after the Initial PSR was complete. The timing thus suggests that the delay was not the result of difficulties with counsel. *See United States v. Fitzmorris*, 429 F. App'x 455, 458-59 (6th Cir. 2011). Thus, the second factor supports denying the Motion.

### C.    Extent of Defendant's Assertions of Innocence

"A defendant's 'vigorous and repeated protestations of innocence' may support the decision to allow withdrawal of a guilty plea." *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996). But a defendant generally cannot withdraw his guilty plea if he has admitted guilt under oath during his plea hearing – even if he first pleaded not guilty. *See, e.g., United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012); *United States v. Mise*, 27 F. App'x 408, 414 (6th Cir. 2011); *United States v. Lee*, No. 23-5584, 2024 WL 991870, at *3 (6th Cir. Mar. 7, 2024).

In this case, Mr. Darod initially pleaded not guilty, but later admitted guilt multiple times. First, he signed a plea agreement acknowledging his guilt to Counts 1–5 and 7–10 of the Superseding Indictment. Next, he admitted his guilt under oath at the change of plea hearing. He later told his Probation Officer that the statement of facts attached to the Plea Agreement accurately represented his conduct. (ECF No. 57, ¶ 70.) Mr. Darod has not vigorously asserted his innocence. Accordingly, the third factor also leans in favor of denying the Motion.

### D.    Circumstances Underlying the Entry of the Plea Deal

The Court next considers the circumstances surrounding Mr. Darod's guilty plea.  The Sixth Circuit has long held that a defendant "is bound by his statements made at the plea hearing that he was not threatened or forced in any way to plead

5

guilty." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Mr. Darod presents three arguments that his guilty plea was the product of coercion.

First, Mr. Darod asserts that his attorney "tricked and pressured" him into taking the plea deal. (ECF No. 66.) He further alleges that his attorney took advantage of his lack of knowledge of the criminal justice system. (ECF No. 66.) But Mr. Darod affirmed under oath that he was satisfied with the representation and advice his attorney has given him in this case. (Plea Transcript at 5:4–6.) His attorney's recommendation to take the plea deal is more akin to sound advice, not coercion. *United States v. Gasaway*, 437 Fed. App'x. 428, 435 (6th Cir. 2011) (citing *United States ex rel. Brown v. LaVallee*, 424 F.2d 457, 461 (2d Cir. 1970)).

Second, Mr. Darod alleges he wanted to tell the Court that he felt pressured into taking the plea but was too intimidated by the presence of law enforcement at his plea hearing. (ECF Nos. 66, 83.) But Mr. Darod told the Court under oath that he was not coerced. The Court did not notice any hesitation during the hearing. Also, Mr. Darod fails to provide a valid reason for lying under oath. *United States v. Owens*, 215 Fed. Appx. 498, 502 (6th Cir. 2007). While Mr. Darod may have felt intimidated by the presence of the law enforcement personnel supporting their injured colleague, this does not invalidate his plea. A victim's family members and supporters' mere presence in a courtroom does not rise to the level of coercion.

Finally, Mr. Darod argues he feared retaliation from prosecutors and his correctional officers. (ECF Nos. 66, 83.) However, Mr. Darod does not provide any evidence that this fear of retaliation was legitimate. Mr. Darod's bare assertion that

he feared retaliation, without any explanation regarding threats or false promises he received, is not compelling.

Mr. Darod stood before the Court accused of very serious crimes. His charges caused the typical stress and anxiety any defendant might feel in deciding to assert his constitutional right to a jury trial or take a plea deal. Mr. Darod's circumstances are not exceptional. Thus, the fourth factor further warrants denying the Motion.

### E.    Defendant's Background and Prior Criminal Experience

Mr. Darod next argues that his inexperience with the federal judiciary weighs in favor of allowing him to withdraw his plea. But any leniency for defendant's inexperience with the criminal justice system may be outweighed by defendant's capacity to understand the proceedings as evidenced by his background. *United States v. Giorgio*, 802 F.3d 845, 849 (6th Cir. 2015); *United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007).

In this case, Mr. Darod does not have any prior criminal convictions and his only interaction with the criminal justice system were petty theft charges that were later dismissed. (ECF No. 57.) But he is an English speaker, high school graduate and took some classes at Columbus State Community College. (ECF No. 83.) He is 25 years old. (ECF No. 83.) Nothing in Mr. Darod's nature or background suggests he was not able to understand the plea or its consequences. Thus, the fifth and sixth factors support denying Mr. Darod's Motion.

### F.    Potential Prejudice to the Government

Finally, the Court considers whether potential prejudice to the Government exists. "The government is not required to establish prejudice that would result

from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Gasaway*, 437 Fed. App'x. at 436 (citing *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011) (internal quotations omitted) (quoting *Ellis*, 470 F.3d at 286)). As stated above, Mr. Darod has fallen short of that threshold.

## IV.  CONCLUSION

Because Mr. Darod fails to establish a fair and just reason for withdrawing his guilty plea, his Motion to Withdraw (ECF Nos. 66, 83) is **DENIED**.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**