# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,   :      Case No. 2:23-cr-00152

                              Civil Case No. 2:26-cv-00075

    - vs -                         Chief Judge Sarah D. Morrison
                                Magistrate Judge Michael R. Merz

FAISAL MOHAMMED DAROD,

                             :

        Defendant.

## REPORT AND RECOMMENDATIONS

This Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 116) was brought *pro se* by Defendant Faisal Mohammed Darod to obtain relief from his conviction in this Court on Counts 1-5 and 7-10 of the Superseding Indictment (ECF No. 42) and consequent sentence to 300 months imprisonment (Judgment, ECF No. 105).

As required by Rule 4 of the Rules Governing § 2255 Proceedings, the Clerk referred the Motion to Vacate to Chief Judge Sarah D. Morrison who is the judge to whom the case was assigned for trial and who imposed sentence. As authorized by 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Amended General Order 22-05, Chief Judge Morrison referred the Motion to Vacate to the undersigned for all proceedings and a report and recommendation on disposition (ECF No. 117).

The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the

Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Having conducted the Rule 4 review, the undersigned has concluded that it plainly appears Defendant is not entitled to relief and the motion should be dismissed for the reasons set forth below.

Defendant pleads the following grounds for relief:

> **Ground One: Ineffective Assistance of Counsel - Failure to Properly Advise on § 924(c) Exposure**
>
> Trial counsel rendered constitutionally ineffective assistance by failing to adequately advise Movant of the true sentencing consequences of pleading guilty to four separate § 924(c) counts and how those counts would operate consecutively.
>
> **Ground Two: Invalid Guilty Plea - Rule 11 Violation (Lack of Meaningful Understanding)**
>
> A guilty plea must be knowing, voluntary, and intelligent.
>
> **Ground Three: Improper Application of § 924(c) Aiding-and-Abetting Liability**
>
> To sustain aiding-and-abetting liability under § 924(c), the government must prove advance knowledge that a firearm would be used.

(Motion, ECF No. 116, PageID 712).

# Analysis

**Grounds Two and Three Barred by Express Waiver**

Paragraph 11 of the Plea Agreement in this case provides:

> 11. **Waiver of Appeal:** In exchange for the concessions made by the USAO in this Plea Agreement, the defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. The defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion filed under 28 U.S.C. § 2255, or to seek a reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) or (c)(2).  However, this waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 51, PageID 165).  Thus the Plea Agreement which Defendant signed expressly prohibits bringing a Motion to Vacate under 28 U.S.C. § 2255 except for claims of prosecutorial misconduct or ineffective assistance of counsel.  Grounds Two and Three come within the express waiver in the Plea Agreement.  Defendant has received the benefit of his bargain with the United States in that he was sentenced in the exact middle of the range recommended by that Agreement at 300 months.

A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006).*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal.  *United States v. Toth*, 668 F.3d 374 (6th Cir.  2012). Appeal of denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on

3

appeal and thus comes within an appeal waiver. *Toth*. A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Based on the express waiver in the Plea Agreement, Grounds Two and Three should be dismissed.

**Ground One Is Barred By Either Default on Appeal Or *Res Judicata***

Ground One alleges Mr. Darod received ineffective assistance of trial counsel when he was advised by his attorney to plead guilty pursuant to the Plea Agreement. On its face the Plea Agreement permits ineffective assistance of trial counsel claims to be made in § 2255 proceedings.

When he entered into the Plea Agreement on October 16, 2023, Mr. Darod was represented by Attorney Jeffrey Stavroff who represented to the Court:

> I am Faisal M. Darod's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

(Plea Agreement, ECF No. 51, PageID 167). Two months later Attorney Stavroff moved to withdraw as Defendant's counsel (ECF No. 59). On January 16, 2024, Judge Morrison granted him leave to withdraw (ECF No. 65). Two days later of January 18, 2024, Mr. Darod moved *pro se* to withdraw his guilty plea, claiming ineffective assistance of trial counsel (ECF No. 66). Judge Morrison then appointed Attorney Kathryn S. Wallrabenstein as Mr. Darod's attorney (ECF No. 67). On May 10, 2024, Judge Morrison set a briefing schedule on the Motion to Withdraw the Guilty Plea (ECF No. 78). On July 3, 2024, Judge Morrison allowed Attorney Wallrabenstein to

withdraw, appointed Attorney Robert Krapenc as Defendant's counsel, and re-set the briefing schedule on the motion to withdraw the plea (ECF No. 82). In briefing the Motion to Withdraw, Attorney Krapenc repeated Mr. Darod's accusation of ineffective assistance by Attorney Stavroff: he "took advantage of the fact that I had no experience or knowledge of how the criminal justice system works" (ECF No. 83, PageID 335).

After a hearing, Judge Morrison denied the Motion to Withdraw, overruling Mr. Darod's claim of ineffective assistance of trial counsel. She noted that

> the Court engaged Mr. Darod in a colloquy to ensure that his guilty plea was made knowingly and voluntarily. (Plea Transcript at 3:3–12.) Mr. Darod acknowledged his guilt, stated that he was satisfied with his counsel, and represented to the Court that he had not been coerced into entering the plea. (Plea Transcript at 2:23–3:2; 5:4–6; 10:21–11:2.)

(Opinion and Order, ECF No. 86, PageID 402). Noting that defendants are bound by their statements made under oath during a plea colloquy, Judge Morrison noted:

> Mr. Darod affirmed under oath that he was satisfied with the representation and advice his attorney has given him in this case. (Plea Transcript at 5:4–6.) His attorney's recommendation to take the plea deal is more akin to sound advice, not coercion. *United States v. Gasaway*, 437 Fed. App'x. 428, 435 (6th Cir. 2011) (citing *United States ex rel. Brown v. LaVallee,* 424 F.2d 457, 461 (2d Cir. 1970)).

*Id.* at PageID 406. Considering all the factors required by precedent, Judge Morrison denied the Motion to Withdraw. *Id.* The Court then proceeded to sentence Mr. Darod under the Plea Agreement (Judgment, ECF No. 105).

Mr. Darod did not appeal. In particular he did not ask the Sixth Circuit to reverse Judge Morrison's decision not to allow him to withdraw his guilty plea although he could have done so and would have been entitled to appointed counsel to represent him in that appeal.

5

Mr. Darod's First Ground for Relief should be dismissed on grounds of *res judicata*. That is, his claim that his guilty plea was the result of bad advice from Attorney Stavroff was already submitted to this Court in the Motion to Withdraw and the Court ruled against it.

"[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591 (1948), diverged from in *Montana v. United States*, 440 US. 147 (1979).

"[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006), quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *State of Ohio ex rel Boggs v. Cleveland*, 655 F.3d 516 (6th Cir. 2011).

Defendant's claim is that his guilty plea was invalid because it was induced by ineffective assistance of trial counsel and that renders his conviction unconstitutional. That claim was raised in the Motion to Withdraw and decided on the merits against Mr. Darod. That prior decision bars a renewed claim of ineffective assistance of trial counsel in these § 2255 proceedings.

An alternative basis for dismissing Ground One is that Mr. Darod did not raised on appeal any claim that his guilty plea was not knowing, intelligent, and voluntary. Appeal of denial of a

motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus comes within an appeal waiver.  *Toth, supra*. A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion.  *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).  "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Bousley v. United States,* 523 U.S. 614 (1998), *citing Reed v. Farley*, 512 U.S. 339, 354 (1994).  Mr. Darod had the opportunity to contest the validity of his guilty plea on appeal and failed to do so.  He is therefore barred from attacking it on collateral review under 28 U.S.C. § 2255.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 6, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.