**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

UNITED STATES OF AMERICA,

Plaintiff, : Case No. 2:23-cr-00152

Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

FAISAL MOHAMMED DAROD,

Defendant. :

---

# REPORT AND RECOMMENDATIONS

---

This is an action under 28 U.S.C. § 2255 challenging Defendant's sentence on a claim of ineffective assistance of trial counsel in developing mitigation evidence.

This proceeding was commenced by a *pro se* Motion to Vacate filed January 15, 2026 (the "Original Motion" ECF No. 116) in which Defendant pleaded the following Grounds for Relief:

> **Ground One:** Ineffective Assistance of Counsel - Failure to Properly Advise on § 924(c) Exposure
>
> **Ground Two:** Invalid Guilty Plea - Rule 11 Violation (Lack of Meaningful Understanding)
>
> **Ground Three:** Improper Application of § 924(c) Aiding-and-Abetting Liability
>
> **Ground Four:** Sentence Greater Than Necessary - § 3553(a) Failure

*Id.* at PageID 712-714.

Defendant has filed, with the assistance of counsel, an Amended § 2255 Motion to Vacate (ECF No. 135). The United States then filed a combined Motion to Dismiss and Answer (ECF No. 139). Defendant has timely replied in a combined Response (ECF No. 142).

In the Amended Motion to Vacate, Darod pleads the following Grounds for Relief:

> **Claim One** — Ineffective assistance at the plea-negotiation stage (counsel Stavroff)
>
> **Claim Two** — Ineffective assistance at sentencing (counsel Krapenc)

ECF No. 135, PageID 877, 880. No evidentiary material accompanies the Amended Motion.

The United States moves to dismiss on the ground that the Amended Motion is time-barred and then defends on the merits. Defendant opposes the Motion to Dismiss (ECF No. 142) and the time for the United States to file a reply has expired.

**Litigation History**

Defendant and a co-defendant were indicted by a grand jury of this District on September 23, 2023 with a number of bank robbery and related firearms charges (Superseding Indictment, ECF No. 42). The bank robbery spree ended in a shootout with Columbus Police in downtown Columbus and the death of the principal co-conspirator.

At this phase of the proceedings, Darod was represented by Attorney Jeffrey Stavroff who negotiated on his behalf a binding Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) which provided for a mandatory sentencing range of 240 to 360 months (Plea Agreement, ECF No. 51, PageID 163). The Agreement, filed October 18, 2023, provided that Darod would plead guilty to

Counts One to Five and Seven to Ten. *Id.* at PageID 160. It included the standard waiver of appeal and collateral attack, excepting from that waiver claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.* at PageID 165.

On October 23, 2023, Darod pleaded guilty as contemplated by the Plea Agreement (Minutes, ECF No. 53).

Before sentencing Attorney Stavroff was replaced on Defendant's initiative by Attorney Kathryn Wallrabenstein from the Criminal Justice Act panel. After Attorney Wallrabenstein had conferred at least fifteen times with Defendant and after she had obtained a forensic report by a Doctor Davis, she also was replaced at Defendant's initiative by Attorney Bob Krapenc, also from the CJA List.

On January 15, 2025, Judge Morrison imposed a sentence of 300 months, precisely in the middle of the agreed range in the Plea Agreement (Minutes, ECF No. 101). On December 29, 2025, Darod sought an extension of time to file a motion to vacate, which Chief Judge Morrison denied (ECF Nos. 114, 115). Farod then filed his *pro se* Motion to Vacate on January 15, 2026, the anniversary of his sentencing, pleading the claims for relief set forth above (ECF No. 116). The Original Motion is not accompanied by any evidentiary material.

Upon preliminary review under Rules 4 of the Rules Governing § 2255 Proceedings, the undersigned recommended dismissal (Report and Recommendations, ECF No. 118). While that Report was pending possible objections, Darod obtained counsel, Attorneys Pinales and Gold, who then moved to amend (ECF No. 131) which was supported by three Declarations under penalty of perjury per 28 U.S.C. § 1746 by Attorney Ian Gold (ECF No. 131-2), Dr. Stevan Weine (ECF No. 131-3), and the Defendant (ECF No. 131-4). That motion was granted and Amended Motion to Vacate pleads the following claims:

> **Claim One** — Ineffective assistance at the plea-negotiation stage (counsel Stavroff)
>
> **Claim Two** — Ineffective assistance at sentencing (counsel Krapenc)

ECF No. 135.

As noted above, the United States filed a combined Motion to Dismiss and Answer (ECF No. 139) which is accompanied by Affidavits from all three of Darod's defense attorneys (Stavroff Affidavit, ECF No. 139-1; Walrabenstein Affidavit, ECF No. 139-2; Krapenc Affidavit, ECF No. 139-3).

Darod then filed a Reply to which is attached a Declaration of Attorney Gold, but nothing further from the Defendant himself (ECF No. 142).

**Statute of Limitations**

Under 28 U.S.C. § 2255(f)(1), a federal criminal defendant has one year from the date on which his conviction becomes final to file a motion to vacate under § 2255. Darod's conviction became final January 15, 2025, the day he was sentenced. He filed his *pro se* § 2255 motion on January 15, 2026, the anniversary of his conviction. The parties agree that February 2, 2026, was the presumptive deadline for filing a motion to vacate. (*See* Motion To Dismiss, ECF No. 139, PageID 896, citing Am. Motion, ECF No. 135, PageID 885). Thus the original Motion was timely filed. The Motion to Amend was filed May 26, 2026. The key question, then, is whether his amendments "relate back" to the original filing.

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground

> for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005); *Watkins v. Stephenson*, 57 F.4th 576, 579 (6th Cir. 2023). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650).

In Ground One in the original motion, Darod asserted he received ineffective assistance of trial counsel when his attorney did not properly advise him sentences for violating 18 U.S.C. § 924(c) would run consecutively. Ground One in the Amended Motion asserts ineffective assistance of trial counsel in failure "to investigate and develop [Darod's] mental-health, trauma, and substance abuse history during the plea-negotiation phase" and "brought no mitigation to bear in negotiating [a plea agreement] with the government . . . ." (ECF No. 135, PageID 877-78). The underlying constitutional theory for both claims is the same: failure to provide effective assistance of counsel as required by the Sixth Amendment and in accordance with the governing standard adopted in *Strickland v. Washington,* 466 U.S. 668 (1984). However, the factual bases are completely different: what Attorney Stavroff said to Darod about § 924(c) sentencing is entirely different from the evidence he did not gather about mitigation and present to the United States during plea negotiations. The consecutive sentences under § 924(c) were not in any way dependent on Darod's mental-health, trauma, and substance abuse history. Although we are obliged to read Darod's *pro se* pleading liberally, that does not allow us to imply that when he wrote about consecutive sentencing, he was attempting to talk about his troubling history. Ground One does not relate back and should be dismissed as time-barred.

The parties have agreed that Ground Two in the Amended Motion relates back only if it meets the Fed.R.Civ.P. 15(c) standard with respect to Ground Four in the original Motion which

pleads "Sentence Greater Than Necessary - § 3553(a) Failure." Ground Two in the Amended Motion charges Attorney Krapenc with ineffective assistance of trial counsel in failing to present mitigation evidence at sentencing. This is an entirely different legal theory from that in Ground Two of the original motion. The facts Darod relied on to support Ground Four were that he had no prior convictions, no personal firearm use in this case, no physical injury was caused by him and the sentence displayed a significant disparity compared to similarly situated defendants. (ECF No. 116, PageID 714). All of those facts were known to Judge Morrison at the time of sentencing and are different from the facts Darod now asserts Attorney Krapenc should have learned and presented at sentencing. In sum, both Grounds assert the sentence was too long, but based on different legal theories and supported by different facts. Ground Two in the Amended Motion also does not relate back to the original filing.

Darod asserts an independent basis for finding Ground Two is timely. 28 U.S.C. § 2255(f)(4) starts the one-year statute of limitations running on the date that the facts supporting the claim "could have been discovered through the exercise of due diligence." His theory is that he did not discover that Attorney Krapenc had not reviewed the forensic report of Dr. Davis until "preparation of the post-conviction case in March 2026" (ECF No. 142, PageID 958). Darod does not say how this discovery happened, but it was after current counsel entered their appearances. Darod knew as of the time he entered the Plea Agreement (October 18, 2023) that his only litigable post-conviction claims would be for prosecutorial misconduct or ineffective assistance of trial counsel. Attorney Krapenc was appointed counsel July 3, 2024. Darod says nothing about any effort made since then to discover any deficiencies in Attorney Krapenc's performance. The test for timeliness under 28 U.S.C. § 2255(f)(4) is due diligence in discovering the factual basis, which is not shown by just reciting the date of actual discovery.

**Merits Evaluation**

The evaluation of the merits of Darod's claims is complex. Already before the Court are the Affidavits/Declarations of Attorneys Stavroff, Walrabenstein, Krapenc, and Gold as well as the report of Dr. Davis and the Declaration of Stevan Weine, M.D. Having reviewed them preliminarily the Magistrate Judge foresees serious evidentiary concerns in considering them: hearsay, lack of foundation, establishment of expertise, and the question whether the Court can consider the evidentiary declaration of an attorney presently representing a party. If an evidentiary hearing is necessary, it will require several days of testimony and substantial travel from witnesses.

Given those considerations, it seems prudent to resolve the statute of limitations issue first.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Motion be denied with prejudice.

October 19, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.